PS 8
(5/05)

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF MASSACHUSETTS

United States of America

    vs.

Michael Mahoney                      Docket No. 0101 1:25-08183M

**PETITION FOR ACTION ON CONDITIONS OF PRETRIAL RELEASE**

The undersigned U.S. Probation and Pretrial Services Officer presents this report regarding defendant Michael Mahoney , who was placed under pretrial release supervision by the Honorable Paul Levenson, on 4/8/2025 under the following conditions:

1. The defendant must submit to supervision by and report for supervision to U.S. Probation and Pretrial Services.
2. The defendant must surrender any passport to U.S. Probation and Pretrial Services.
3. The defendant must not obtain a passport or other international travel document.
4. The defendant must remain in Massachusetts.
5. The defendant must avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: state, federal, public official or person and affiliated (familial or otherwise).
6. The defendant must not possess a firearm, destructive device, or other weapon.
7. The defendant must not use alcohol at all.
8. The defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
9. The defendant must participate in a program for inpatient or outpatient substance use treatment, if directed by the pretrial services office or supervising officer.
10. The defendant must report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops. (Report within 24 hours).
11. The defendant must have no contact, directly or indirectly, with any STATE or FEDERAL public officials or persons affiliated (familial or otherwise). This includes but is not limited to, in person, phone, mail or social media contact. If the defendant requires any clarification of whether he can contact someone he will contact his attorney who will review this with the AUSA before the defendant makes contact.
12. The defendant must allow the installation of computer internet monitoring software on approved internet capable devices, but still may use your phone and/or computer for work purposes or other activity previously approved by the Probation Office. The program(s) used will be designed to identify, for the Probation Office, the viewing, downloading, uploading, transmitting, otherwise using any images or content relating to state and federal officials or otherwise inappropriate nature. You must not attempt to remove or

otherwise defeat such systems, and must allow the Probation Office to examine such device and receive data from it at any reasonable time.

The Court further directs the Probation Department not to review any phone calls, texts or emails between Attorney Ryan/his associates/staff and the defendant to ensure that attorney-client confidentiality is preserved.

And respectfully seeks action by the Court and for cause as follows:

On May 12, 2025, Detective Mark Lambton of the Dennis Police Department listened to a voicemail from Ms. Kerrie (Allen) Shapiro informing the police that Mr. Mahoney had entered her mother's home on May 9, 2025, located at 24 Quivet Driv in order to check on the welfare of her mother, Janet Allen. Ms. Shapiro reported Mr. Mahoney was allowed entry to the home by an employee of a cleaning service working inside the home. When Ms. Allen realized he was inside her home, she told the cleaning employee to notify him that she was in the shower and requested he leave. He left without incident. Detective Lambton notified Special Agent Timothy Brown of the FBI.

On the morning of May 13, 2025, Detective Lambton of the Dennis Police Department listened to another voicemail from Ms. Shapiro reporting that her brother left Ms. Allen's home at approximately 5 PM on May 12, 2025. Within minutes of the brother leaving, Mr. Mahoney came onto the property of 24 Quivet Drive and walked inside the home unannounced and without permission. When Ms. Allen saw Mr. Mahoney inside her home, she said "no, no, no, Michael! Please leave!" Mr. Mahoney again left the residence without further incident. According to Ms. Shapiro, Mr. Mahoney's entrance into the home was documented through a doorbell camera system and she is working to forward it to police. Ms. Shapiro stated that her mother is very fearful of Mr. Mahoney and found the two incidents "very alarming".

On May 13, 2025, this officer was informed of the above stated incidents by Detective Lambton. This officer received a report that charges Mr. Mahoney with Breaking and Entering for Misdemeanor. This officer contacted Assistant U.S. Attorney Nadine Pellegrini who confirmed she notified defense counsel Edward Ryan, Jr. of the May 9, 2025, incident on May 12, 2025, and he reported he would contact his client. During routine review of Mr. Mahoney's cell phone, this officer observed a call from defense counsel to Mr. Mahoney at 3:42 PM on May 12, 2025, lasting 8 minutes and 41 seconds.

Pretrial Services respectfully requests a hearing be scheduled urgently for Mr. Mahoney to appear before Your Honor to answer for his violation conduct.

**Petition for Action on Conditions of Pretrial Release**

PRAYING THE COURT WILL:

☐ Issue a warrant.
☒ Issue a summons for the defendant to appear for an urgent show cause hearing.
☐ Other:

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:  5/13/2025          Place: Taunton

_/s/Jessica Turkington_          Date:  5/13/2025
Jessica Turkington
Senior U.S. Probation Officer

ORDER OF COURT

☐  Warrant to issue.
☑  Summons to issue. Clerk to schedule show cause hearing.
☐  Other:

Considered and ordered and ordered filed and made part of the record in the above case.

May 13, 2025

_____
The Honorable Paul G. Levenson
U.S. Magistrate Judge